IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLM, by and through MICHAEL McNEIL, Guardian ad litem; MICHAEL McNEIL; and JULIE McNEIL, individually**,<br><br>Plaintiffs,<br><br>v.<br><br>**SHERWOOD SCHOOL DISTRICT 88J, HEATHER H. CORDIE, KEN BELL, BRIAN BAILEY, PETER MILLER, and GARY BENNETT**,<br><br>Defendants. | Case No. 3:15-cv-1098-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on December 30, 2016. ECF 62. Judge Beckerman recommended that Defendants' motion for summary judgment (ECF 35) be granted and Plaintiffs' cross-motion for partial summary judgment (ECF 39) be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiffs timely filed an objection. ECF 70. Plaintiffs argue that Judge Beckerman erred in finding that: (1) Defendants can permissibly regulate Plaintiff CLM's off-campus speech in the context raised in this case; (2) there were sufficient "facts which might reasonably have led school authorities to forecast substantial disruption" caused by CLM's speech, *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 514 (1969); (3) Plaintiffs have failed to present any evidence regarding the person to whom they compare CLM for purposes of their class-of-one equal protection claim; (4) Plaintiffs' vagueness challenge to the school disciplinary rules fails as a matter of law; and (5) Plaintiffs' substantive due process claim, which depends on the validity of Plaintiff's First Amendment claim, fails as a matter of law. The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Plaintiffs have objected, as well as Plaintiffs' objections and Defendants' response. The Court agrees with Judge Beckerman's reasoning regarding these matters and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any

other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record." For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 62. Defendants' motion for summary judgment (ECF 35) is **GRANTED**, and Plaintiffs' cross-motion for partial summary judgment (ECF 39) is **DENIED**.

**IT IS SO ORDERED.**

DATED this 16th day of May, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge